UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEITH L. DREW,



                Plaintiff,

    -against-                                    18 **CIVIL** 10557 (JMF)

## JUDGMENT

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated July 9, 2020, all of Drew's federal claims must be and are dismissed. In light of that, the Court declines to exercise supplemental jurisdiction over his state-law claims to the extent that he pleads any. Under 28 U.S.C. § 1367(a), a district court has discretion over whether to exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" In re Merrill Lynch Ltd. Pships Litig., 154 F.3d 56, 61 (2d Cir. 1998) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)); accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 727 (2d Cir. 2013). Here, there is no basis to depart from that general rule. Although Drew initially filed his claims in November 2018, the case is, as a legal matter, still at an early stage. Thus, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider do not counsel in favor of exercising jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Accordingly, Drew's state-law claims (to the extent he pleads any) are dismissed without prejudice to refiling in state

court. See 28 U.S.C. § 1367(c)(3); see also, e.g., United States ex rel. Borzilleri v. AbbVie, Inc., No. 15-CV-7881 (JMF), 2019 WL 3203000, at *3 (S.D.N.Y. July 16, 2019). Additionally, the Court declines sua sponte to grant Drew leave to amend his Complaint. Although leave to amend a pleading should be freely given "when justice so requires, Fed. R. Civ. P. 15(a)(2), and courts should generally grant pro se plaintiffs leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), it is "within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). The Court already granted Drew leave to amend, and he has neither sought leave to amend again nor suggested that he possesses any additional facts that could cure the defects in his dismissed claims most, if not all, of which are substantive and could not be cured. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Fischman v. Mitsubishi Chem. Holdings Am., Inc., No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Furthermore, Drew was on notice of Defendants' arguments when he filed his opposition to Defendants' motion to dismiss, and Drew was expressly warned that he would "not be given any further opportunity" to amend the Complaint. See ECF Nos. 38, 40; see also Opp'n. In light of these circumstances, the Court will not sua sponte grant leave to amend. See, e.g., Overby v. Fabian, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend sua sponte."). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); accordingly, this case is closed.

**Dated:** New York, New York

July 9, 2020

RUBY J. KRAJICK

Clerk of Court

BY: *[signature]*

Deputy Clerk